STATE OF CONNECTICUT *v.* JUAN
ESTEBAN CHAVARRO
(AC 32074)

Gruendel, Robinson and Pellegrino, Js.

Argued March 22—officially released July 5, 2011

*Elio C. C. Morgan,* special public defender, for the appellant (defendant).

*Sarah Hanna,* assistant state's attorney, with whom, on the brief, were *David I. Cohen,* state's attorney, and *Steven G. Weiss,* supervisory assistant state's attorney, for the appellee (state).

*Opinion*

ROBINSON, J. The defendant, Juan Esteban Chavarro, appeals from the judgment of the trial court denying his motion, filed pursuant to General Statutes § 54-1j, to vacate the judgment and to withdraw his plea of guilty in connection with the charge of possession of marijuana with intent to sell in violation of General Statutes § 21a-277 (b). On appeal, the defendant claims that the court abused its discretion in denying his motion because (1) prior to accepting his plea, it did not inquire as to whether his attorney had advised him of the deportation consequences of his plea, (2) after accepting his plea, it made statements that rendered the § 54-1j advisement ambiguous, and (3) it failed to

conduct an evidentiary hearing on his motion sua sponte. In addition, the defendant claims that he was denied the right to a fair trial. We dismiss the appeal as moot.

The following facts and procedural history are relevant to our disposition of this appeal. The defendant is a Colombian national. In December, 1997, immigration officials granted him permission to reside in the United States until June 22, 1998. After June 22, 1998, the defendant remained in the United States illegally.

On March 1, 2007, the police executed a search and seizure warrant for the defendant's residence in Stamford and seized twenty-five plastic bags of marijuana, containing approximately nineteen grams. On June 7, 2007, the defendant entered a plea of guilty to the charge of possession of marijuana with intent to sell. Following a plea canvass, the court found that the plea was voluntary and understandingly made with the assistance of competent counsel. Thereafter, it accepted the plea and found the defendant guilty of possession of marijuana with intent to sell. In accordance with a plea agreement, the defendant was sentenced to three years of probation.

On or about July 1, 2009, the Department of Homeland Security (department) issued to the defendant a notice to appear. The notice provided that the department had commenced removal proceedings against the defendant pursuant to the Immigration and Nationality Act. See 8 U.S.C. § 1101 et seq. In the notice, the department charged that the defendant was subject to removal from the United States because (1) he had remained in the United States illegally and (2) he had been convicted of possession of marijuana with intent to sell.[1] On Octo-

[1] In relevant part, the notice provided: "[I]t is charged that [the defendant is] subject to removal from the United States pursuant to the following provision(s) of law:

"Section 237 (a) (1) (B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101 (a) (15) of the Act, [the defendant has] remained in the United States for a time

ber 28, 2009, the United States Immigration Court (immigration court) ordered the defendant deported to Colombia. The order did not set forth the basis for the court's decision.

On November 3, 2009, the defendant filed a motion to vacate the judgment and to withdraw his plea of guilty, but he did not request an evidentiary hearing on the motion. After hearing oral arguments from the parties, the trial court denied the motion, and this appeal followed.

Following oral arguments before this court, we sua sponte ordered supplemental briefs to address the issue of whether the present appeal was moot, pursuant to our Supreme Court's decision in *State* v. *Aquino*, 279 Conn. 293, 901 A.2d 1194 (2006). The defendant argues that *Aquino* does not render the present appeal moot because there is evidence in the record that establishes a causal connection between his deportation and the guilty plea. The state, on the other hand, argues that the appeal is moot because the defendant has failed to produce any evidence demonstrating that his guilty plea was the sole reason for his deportation, as required by *Aquino*. We agree with the state.

The issue of mootness may be raised by this court sua sponte because it implicates our subject matter

longer than permitted, in violation of this Act or any other law of the United States.

"Section 237 (a) (2) (A) (iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, [the defendant has] been convicted of an aggravated felony as defined in Section 101 (a) (43) (B) of the Act, an offense relating to the illicit trafficking in a controlled substance, as described in section 102 of the Controlled Substances Act, including a drug trafficking crime, as defined in section 924 (c) of Title 18, United States Code.

"Section 237 (a) (2) (B) (i) of the Immigration and Nationality Act, as amended, in that, at any time after admission, [the defendant has] been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulations of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. [§] 802), other than a single offense involving possession for one's own use of 30 grams or less of marijuana."

jurisdiction and, therefore, is a threshold matter that must be resolved. See, e.g., *Zoll* v. *Zoll*, 112 Conn. App. 290, 297–98, 962 A.2d 871 (2009). "In determining mootness, the dispositive question is whether a successful appeal would benefit . . . [the] defendant in any way. . . . In other words, the ultimate question is whether the determination of the controversy will result in practical relief to the complainant." (Citation omitted; internal quotation marks omitted.) *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 691, 899 A.2d 586 (2006).

In *State* v. *Aquino*, supra, 279 Conn. 294–95, the defendant, an immigrant who had entered this country illegally, pleaded guilty to one count of attempt to commit assault in the second degree in violation of General Statutes §§ 53a-60 (a) (1) and 53a-49 (a) (2), and one count of failure to appear in the first degree in violation of General Statutes § 53a-172. Prior to sentencing, the defendant filed a motion to withdraw his guilty plea, which the trial court denied. Id., 297. The defendant appealed the denial of his motion to this court, and, while the appeal was pending, he was deported. Id.; *State* v. *Aquino*, 89 Conn. App. 395, 400, 873 A.2d 1075 (2005), appeal dismissed, 279 Conn. 293, 901 A.2d 1194 (2006).

With regard to the issue of mootness, this court concluded initially that, as a result of the defendant's deportation, it could provide the defendant with little practical relief. *State* v. *Aquino*, supra, 89 Conn. App. 400. Thereafter, the court considered whether it could retain jurisdiction over the defendant's appeal pursuant to the collateral consequence doctrine. Id. The defendant argued that "as a collateral consequence of the denial of his motion to withdraw his plea, his ability to petition for naturalization [would] be gravely impaired." Id., 401. After careful consideration, this court agreed and determined that the defendant's contention was "a

likely consequence," rather than "mere speculation." Id. Accordingly, this court concluded that "subject matter jurisdiction [was] not a bar to the defendant's . . . appeal." Id.

On appeal from that decision, our Supreme Court revisited the issue of mootness and concluded that the appeal was moot. In reaching that conclusion, the court provided: "The defendant did not produce any evidence at the hearing on his motion to withdraw his guilty plea—indeed, he did not even claim—that he would be deported *solely* as the result of his guilty plea. . . . There is no evidence in the record as to the reason for his deportation. *If it was not the result of his guilty plea alone*, then this court can grant no practical relief . . . ."[2] (Emphasis added.) *State* v. *Aquino*, supra, 279 Conn. 298. On the basis of that conclusion, the court dismissed the appeal.

In light of our Supreme Court's decision in *Aquino*, we conclude that the present appeal is moot. Prior to filing the motion at issue in the present case, the immigration court ordered the defendant deported to Colombia. As the record indicates, the defendant was subject to deportation for two reasons: (1) his illegal immigration status; and (2) his conviction for possession of marijuana with intent to sell. The immigration court, however, did not set forth in its order the reason, or reasons, for the defendant's deportation. Furthermore, the defendant has failed to produce any evidence from which it could be determined on what basis the court ordered the defendant deported. Consequently, we are unable to discern whether the defendant was deported because of his illegal immigration status, his conviction or both. Therefore, because the defendant

---

[2] As the court noted, the defendant may have been deported based on his guilty plea or his immigration status. *State* v. *Aquino*, supra, 279 Conn. 298 n.2.

has failed to establish that his deportation was "the result of his guilty plea alone"; id.; we are unable to provide the defendant with any practical relief and, accordingly, the appeal is moot.

The defendant nevertheless argues that we may retain jurisdiction over his appeal pursuant to the collateral consequences doctrine. We disagree.

Under the collateral consequences doctrine, this court may retain jurisdiction and consider a claim that otherwise has been rendered moot "when a litigant shows that there is a reasonable possibility that prejudicial collateral consequences will occur." (Internal quotation marks omitted.) *Williams* v. *Ragaglia*, 261 Conn. 219, 226, 802 A.2d 778 (2002). "Accordingly, the litigant must establish these consequences by more than mere conjecture, but need not demonstrate that these consequences are more probable than not. . . . Where there is no direct practical relief available from the reversal of the judgment . . . the collateral consequences doctrine acts as a surrogate, calling for a determination whether a decision in the case can afford the litigant some practical relief in the future. The reviewing court . . . determines, based upon the particular situation, whether, the prejudicial collateral consequences are reasonably possible." *State* v. *McElveen*, 261 Conn. 198, 208, 802 A.2d 74 (2002).

The record reveals that the defendant has a wife and a child, both of whom are citizens of the United States. According to the defendant, as a prejudicial collateral consequence of the denial of his motion, he is permanently barred from applying for a green card or from reentering the United States. The defendant, however, has failed to produce any evidence that, in the absence of his conviction, he would be allowed to apply for a green card or reenter the United States. In the absence of any such evidence, it is merely conjecture that the

defendant will be subject to the claimed prejudicial collateral consequences as a result of his conviction alone. See *State* v. *Aquino,* supra, 279 Conn. 298 n.3 (rejecting collateral consequences argument under similar facts).

The appeal is dismissed.

In this opinion the other judges concurred.