******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

FABIAN RICHARDS *v.* COMMISSIONER
OF CORRECTION
(AC 37481)

Gruendel, Lavine and Mullins, Js.*

*Argued January 14—officially released April 26, 2016*

(Appeal from Superior Court, judicial district of
Tolland, Oliver, J.)

*Elyssa N. Williams*, for the appellant (petitioner).

*Jacob L. McChesney*, special deputy assistant state's
attorney, with whom, on the brief, were *Gail P. Hardy*,
state's attorney, and *Robin D. Krawczyk*, senior assis-
tant state's attorney, for the appellee (respondent).

*Opinion*

MULLINS, J. The petitioner, Fabian Richards, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. In his petition, the petitioner alleged that his criminal trial counsel had provided ineffective assistance by failing to advise the petitioner adequately of the immigration consequences he faced by entering a guilty plea. Because the petitioner already has been deported to Jamaica, pursuant to a deportation order issued by the United States Immigration Court, and has failed to establish that any practical relief could be provided by this court, we conclude that his appeal is moot. Accordingly, the appeal is dismissed.

The petitioner is a native of Jamaica, who lawfully entered this country on January 8, 2007, on a visitor visa. He married a citizen of the United States and received permanent resident status in 2010. In 2012, the petitioner entered guilty pleas to charges of second degree assault in violation of General Statutes § 53a-60 (a) (2) and carrying a pistol without a permit in violation of General Statutes § 29-35 (a). Subsequently, he brought this habeas petition alleging that his trial counsel rendered ineffective assistance by failing to advise him adequately of the immigration consequences of his plea. The habeas court denied his petition but granted certification to appeal, and the petitioner filed the present appeal.

Several months after the petitioner had filed his appellate brief, the respondent, the Commissioner of Correction, on October 1, 2015, submitted to the Appellate Court clerk's office a letter that stated: "The Commissioner respectfully requests that the clerk bring the following matter to the court's attention. During the pendency of this appeal, the petitioner has been deported from the United States to Jamaica pursuant to an immigration court deportation order. This is a relevant fact for the court's consideration under *State* v. *Aquino*, 279 Conn. 293, 901 A.2d 1194 (2006), and *St. Juste* v. *Commissioner of Correction*, 155 Conn. App. 164, 109 A.3d 523, cert. granted, 316 Conn. 901, 111 A.3d 470 (2015)."

The respondent also submitted a letter of supplemental authority, stating that it may also refer to 8 U.S.C. § 1229b (a), 8 U.S.C. § 1229b (d), 8 U.S.C. § 1182 (a) (2) (A), and 8 U.S.C. § 1182 (a) (2) (C). The respondent contends that the appeal is moot. The petitioner's counsel concedes that the petitioner has been deported, but argues that the matter is not moot.[1] We agree with the respondent that the appeal is moot because there is no practical relief that can be afforded the petitioner.

"Under our well established jurisprudence, [m]ootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between

the parties. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way. . . . In other words, the ultimate question is whether the determination of the controversy will result in practical relief to the complainant. . . . Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve." (Citation omitted; internal quotation marks omitted.) *State* v. *Jerzy G.*, 162 Conn. App. 156, 161,    A.3d    (2015), cert. granted, 320 Conn. 919,    A.3d    (2016).

For a deported petitioner to establish that an appeal is not moot, our Supreme Court has stated that the petitioner is required to establish that the underlying conviction was the *exclusive* basis of his or her deportation. *State* v. *Aquino*, supra, 279 Conn. 298; see *State* v. *Jerzy G.*, supra, 162 Conn. App. 161–64 (following rule of *Aquino*); *Paulino* v. *Commissioner of Correction*, 155 Conn. App. 154, 162–63, 109 A.3d 516 (same), cert. denied, 317 Conn. 912, 116 A.3d 310 (2015); *Quiroga* v. *Commissioner of Correction*, 149 Conn. App. 168, 173, 87 A.3d 1171 (same), cert. denied, 311 Conn. 950, 91 A.3d 462 (2014); *State* v. *Chavarro*, 130 Conn. App. 12, 17–18, 21 A.3d 541 (2011) (same); but see *St. Juste* v. *Commissioner of Correction*, supra, 155 Conn. App. 174 (petitioner must prove both that underlying conviction was exclusive basis for deportation and that petitioner would be permitted reentry in absence of underlying conviction). "If [the deportation] was not the result of his guilty plea alone, then this court can grant no practical relief and any decision rendered by this court would be purely advisory." *State* v. *Aquino*, supra, 279 Conn. 298.

In the present case, the respondent argues that on the basis of the present record, we cannot ascertain the basis for the petitioner's deportation. The petitioner argues that we know the basis because he has no convictions other than those underlying the present case. We agree with the respondent.

Although the December 28, 2012 notice to appear, issued by the Department of Homeland Security, was based on the petitioner's underlying convictions in the present case, we do not have an official copy of the decision of the United States Immigration Court giving us the basis for its ruling deporting the petitioner, and the order, itself, does not contain the basis. See footnote 1 of this opinion. Indeed, *Aquino* requires proof that the conviction being challenged is "the exclusive basis of the petitioner's deportation, rather than a primary or likely one." *Quiroga* v. *Commissioner of Correction*, supra, 149 Conn. App. 174. Without knowing the precise basis of the immigration court's ruling, we are left to surmise and speculate as to whether other or additional grounds formed the basis of that court's ruling.

If a petitioner fails to prove that the underlying con-

viction was the sole basis for his deportation, the appeal also may not be moot if the petitioner can prove collateral consequences by providing "evidence to suggest that, in the absence of the guilty plea, [he] would be allowed to reenter this country or become a citizen." *State* v. *Aquino*, supra, 279 Conn. 298–99 n.3; see *State* v. *Chavarro*, supra, 130 Conn. App. 18 (same); but see *St. Juste* v. *Commissioner of Correction*, supra, 155 Conn. App. 174 (petitioner must prove both that underlying conviction was exclusive basis for deportation and that petitioner would be permitted reentry in absence of underlying conviction).

"[U]nder this court's long-standing mootness jurisprudence . . . despite developments during the pendency of an appeal that would otherwise render a claim moot, the court may retain jurisdiction when a litigant shows that there is a reasonable possibility that prejudicial collateral consequences will occur. . . . [T]o invoke successfully the collateral consequences doctrine, the litigant must show that there is a reasonable possibility that prejudicial collateral consequences will occur. Accordingly, the litigant must establish these consequences by more than mere conjecture, but need not demonstrate that these consequences are more probable than not. This standard provides the necessary limitations on justiciability underlying the mootness doctrine itself. Where there is no direct practical relief available from the reversal of the judgment . . . the collateral consequences doctrine acts as a surrogate, calling for a determination whether a decision in the case can afford the litigant some practical relief in the future." (Citation omitted; internal quotation marks omitted.) *State* v. *Jerzy G.*, supra, 162 Conn. App. 165–66.

The respondent contends that the petitioner has not and could not establish that he would be allowed reentry into this country because (1) under 8 U.S.C. § 1229b (a) and (d),[2] the petitioner would have to establish that he had been in this country continuously for more than seven years before his deportation began to be eligible to apply to vacate that order of deportation, and he had lived here, at most, six and one-half years before the relevant statutory time period began, and (2) officers discovered that the petitioner had been growing marijuana in his home and had paraphernalia indicating sale of marijuana, and, although that charge had been nolled in this case as part of the plea deal, the petitioner admitted in open court before the habeas judge that he had been growing marijuana. The respondent contends that pursuant to 8 U.S.C. § 1182 (a) (2) (A),[3] the petitioner could be denied readmission because he admitted to drug activity, and pursuant to 8 U.S.C. § 1182 (a) (2) (C),[4] he could be denied readmission if the Attorney General of the United States has reason to believe he engaged in drug activity. Notwithstanding these federal statutes, the petitioner made no attempt to establish

his eligibility for reentry before the habeas court. This failure is fatal to his claim. See *Paulino* v. *Commissioner of Correction*, supra, 155 Conn. App. 164.

Because we are unable to ascertain the precise basis for the order of deportation issued by the United States Immigration Court, and the petitioner failed to produce any evidence before the habeas court that, in the absence of his convictions, he would be permitted to return to the United States, we conclude that this appeal is moot.

The appeal is dismissed.

In this opinion the other judges concurred.

\* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] Included in the appendix to the petitioner's appellate brief is a December 28, 2012 notice to appear, issued to the petitioner by the United States Department of Homeland Security, notifying the petitioner that he is subject to removal from the United States, pursuant to the Immigration and Nationality Act, due to his conviction of an aggravated felony, namely, the second degree assault charge, and his conviction of possessing or carrying a firearm. See 8 U.S.C. § 237 (a) (2) (A) (iii) and (a) (2) (C). Also included is an order from the United States Immigration Court that states that it is a memorandum of the court's decision, entered on June 12, 2014, but that the "oral or written findings, decision and orders is the official opinion in this case." The order stated that the petitioner was ordered removed from the United States to Jamaica and that his application for deferral of removal was denied. The order does not state the official basis for removal, and the petitioner has not furnished us with a transcript of the immigration court's official decision. During oral argument in this appeal, the parties discussed the issue of mootness.

[2] Title 8 of the United States Code, § 1229b (a), provides: "Cancellation of removal for certain permanent residents

"The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien—

"(1) has been an alien lawfully admitted for permanent residence for not less than 5 years,

"(2) has resided in the United States continuously for 7 years after having been admitted in any status, and

"(3) has not been convicted of any aggravated felony. . . ."

Title 8 of the United States Code, § 1229b (d), provides: "Special rules relating to continuous residence or physical presence

"(1) Termination of continuous period

"For purposes of this section, any period of continuous residence or continuous physical presence in the United States shall be deemed to end (A) except in the case of an alien who applies for cancellation of removal under subsection (b) (2) of this section, when the alien is served a notice to appear under section 1229 (a) of this title, or (B) when the alien has committed an offense referred to in section 1182 (a) (2) of this title that renders the alien inadmissible to the United States under section 1182 (a) (2) of this title or removable from the United States under section 1227 (a) (2) or 1227 (a) (4) of this title, whichever is earliest.

"(2) Treatment of certain breaks in presence

"An alien shall be considered to have failed to maintain continuous physical presence in the United States under subsections (b) (1) and (b) (2) of this section if the alien has departed from the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days.

"(3) Continuity not required because of honorable service in Armed Forces and presence upon entry into service

"The requirements of continuous residence or continuous physical presence in the United States under subsections (a) and (b) of this section shall not apply to an alien who—

"(A) has served for a minimum period of 24 months in an active-duty status in the Armed Forces of the United States and, if separated from such service, was separated under honorable conditions, and

"(B) at the time of the alien's enlistment or induction was in the United States."

[3] Title 8 of the United States Code, § 1182, provides in relevant part: "(a) Classes of aliens ineligible for visas or admission

"Except as otherwise provided in this chapter, aliens who are inadmissible under the following paragraphs are ineligible to receive visas and ineligible to be admitted to the United States . . .

"(2) Criminal and related grounds

"(A) Conviction of certain crimes

"(i) In general

"Except as provided in clause (ii), any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of—

"(I) a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime, or

"(II) a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21),

"is inadmissible.

"(ii) Exception

"Clause (i) (I) shall not apply to an alien who committed only one crime if—

"(I) the crime was committed when the alien was under 18 years of age, and the crime was committed (and the alien released from any confinement to a prison or correctional institution imposed for the crime) more than 5 years before the date of application for a visa or other documentation and the date of application for admission to the United States, or

"(II) the maximum penalty possible for the crime of which the alien was convicted (or which the alien admits having committed or of which the acts that the alien admits having committed constituted the essential elements) did not exceed imprisonment for one year and, if the alien was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months (regardless of the extent to which the sentence was ultimately executed). . . ."

[4] Title 8 of the United States Code, § 1182, provides in relevant part: "(a) Classes of aliens ineligible for visas or admission

"Except as otherwise provided in this chapter, aliens who are inadmissible under the following paragraphs are ineligible to receive visas and ineligible to be admitted to the United States . . .

"(2) Criminal and related grounds . . .

"(C) Controlled substance traffickers

"Any alien who the consular officer or the Attorney General knows or has reason to believe—

"(i) is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in section 802 of Title 21), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so; or

"(ii) is the spouse, son, or daughter of an alien inadmissible under clause (i), has, within the previous 5 years, obtained any financial or other benefit from the illicit activity of that alien, and knew or reasonably should have known that the financial or other benefit was the product of such illicit activity,

"is inadmissible. . . ."