******************************************************

    The ''officially released'' date that appears near the be-
ginning of each opinion is the date the opinion will be pub-
lished in the Connecticut Law Journal or the date it was
released as a slip opinion. The operative date for the be-
ginning of all time periods for filing postopinion motions
and petitions for certification is the ''officially released''
date appearing in the opinion.

    All opinions are subject to modification and technical
correction prior to official publication in the Connecticut
Reports and Connecticut Appellate Reports. In the event of
discrepancies between the advance release version of an
opinion and the latest version appearing in the Connecticut
Law Journal and subsequently in the Connecticut Reports
or Connecticut Appellate Reports, the latest version is to
be considered authoritative.

    The syllabus and procedural history accompanying the
opinion as it appears in the Connecticut Law Journal and
bound volumes of official reports are copyrighted by the
Secretary of the State, State of Connecticut, and may not
be reproduced and distributed without the express written
permission of the Commission on Official Legal Publica-
tions, Judicial Branch, State of Connecticut.

******************************************************

JERMAINE WOODS *v.* COMMISSIONER
OF CORRECTION
(SC 20487)

Robinson, C. J., and McDonald, D'Auria, Mullins, Kahn and Ecker, Js.

Argued October 21—officially released December 15, 2021*

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Kwak, J.*, granted the respondent's motion to dismiss and rendered judgment dismissing the petition; thereafter, the court denied the petitioner's petition for certification to appeal, and the petitioner appealed to the Appellate Court, *Lavine, Alvord* and *Keller, Js.*, which dismissed the appeal, and the petitioner, on the granting of certification, appealed to this court. *Appeal dismissed*.

*Vishal K. Garg*, for the appellant (petitioner).

*Ronald G. Weller*, senior assistant state's attorney, with whom, on the brief, were *Nancy L. Walker*, assistant state's attorney, *Maureen Platt*, state's attorney, and *Eva Lenczewski*, supervisory assistant state's attorney.

*Opinion*

PER CURIAM. The petitioner, Jermaine Woods, appeals, upon our grant of his petition for certification,[1] from the judgment of the Appellate Court dismissing his appeal from the judgment of the habeas court, which dismissed his third petition for a writ of habeas corpus. *Woods* v. *Commissioner of Correction*, 197 Conn. App. 597, 599–600, 232 A.3d 63 (2020). On appeal, the petitioner contends that the Appellate Court improperly construed his petition for a writ of habeas corpus, which he had filed as a self-represented party, in concluding that it did not raise a claim that counsel at the petitioner's second habeas trial, which was held in 2011, provided ineffective assistance by not challenging the failure of defense counsel at his 2006 murder trial to present evidence as to his diminished capacity.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

* December 15, 2021, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] We granted the petitioner's petition for certification to appeal from the judgment of the Appellate Court, limited to the following issue: "Did the Appellate Court correctly conclude that the petitioner's petition for a writ of habeas corpus, which was filed pro se, did not raise a claim of ineffective assistance of counsel with respect to the petitioner's second habeas trial?" *Woods* v. *Commissioner of Correction*, 335 Conn. 938, 248 A.3d 708 (2020).