******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# BRYANT WILSON *v.* COMMISSIONER OF CORRECTION
## (AC 48311)

Cradle, C. J., and Elgo and Westbrook, Js.

*Syllabus*

The petitioner, who previously had been convicted on a plea of guilty in connection with a shooting incident, appealed following the habeas court's denial of his petition for certification to appeal from the court's judgment dismissing his petition for a writ of habeas corpus. The petitioner had alleged in the habeas petition, inter alia, that his trial counsel in a separate murder case, in which the petitioner had been convicted, rendered ineffective assistance by failing to ensure that his guilty plea in the shooting incident would not be admitted into evidence against him. The petitioner claimed that the habeas court abused its discretion when it denied his petition for certification to appeal after concluding that it lacked subject matter jurisdiction over the habeas petition on the ground of mootness when, during the pendency of the habeas petition, this court reversed the petitioner's conviction in the murder case and remanded that case for a new trial. *Held*:

The habeas court abused its discretion in denying the petitioner's petition for certification to appeal because the petitioner established that he had raised an issue that could be resolved in a different manner and was adequate to deserve encouragement to proceed further, as his habeas petition, in challenging the validity of his conviction in the shooting incident, raised a claim that was separate and distinct from his ineffective assistance of counsel claim that challenged the now reversed conviction in the murder case; accordingly, the judgment was reversed and the case was remanded for further proceedings.

Argued February 11—officially released June 30, 2026

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Wagner, J.*, rendered judgment dismissing the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Reversed*; *further proceedings*.

*Naomi T. Fetterman*, assigned counsel, for the appellant (petitioner).

*Rebecca R. Zeuschner*, deputy assistant state's attorney, with whom, on the brief, were *Sharmese L. Walcott*, state's attorney, and *Angela R. Macchiarulo*,

supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

ELGO, J. The petitioner, Bryant Wilson, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion in denying his petition for certification to appeal following its determination that it lacked subject matter jurisdiction over the habeas petition. We agree and, accordingly, reverse the judgment of the habeas court.

The following facts and procedural history, as alleged in the petitioner's amended habeas petition or as otherwise undisputed in the record, are relevant to our resolution of this appeal.[1] The petitioner was arrested on or about August 21, 2014, and charged with reckless endangerment in the first degree in violation of General Statutes § 53a-63 and unlawful discharge of a firearm in violation of General Statutes § 53-203 in connection with the discharge of a firearm on Prospect Street in New Britain (Prospect Street shooting). The petitioner was also arrested on or about September 17, 2014, and charged with reckless endangerment in the first degree in violation of § 53a-63, unlawful discharge of a firearm in violation of § 53-203, and carrying a dangerous weapon in violation of General Statutes (Rev. to 2013) § 53-206 in connection with the discharge of a firearm on Maple Street in New Britain (Maple Street shooting). The petitioner subsequently pleaded guilty to attempt to commit assault in the first degree in violation of General Statutes § 53a-59 regarding the Maple Street shooting and to reckless endangerment in the first degree in violation of

---

[1] "Because this appeal arises from the habeas court's ruling dismissing the petition on the basis that the court lacked jurisdiction, we [assume] the facts [as] alleged in the petition, including those facts necessarily implied from the allegations, construing them in favor of the petitioner for the purposes of deciding whether the court had subject matter jurisdiction." (Internal quotation marks omitted.) *Taylor* v. *Commissioner of Correction*, 216 Conn. App. 570, 573 n.4, 286 A.3d 449 (2022).

§ 53a-63 (a) regarding the Prospect Street shooting. On December 12, 2016, the petitioner was sentenced to five years of imprisonment and five years of special parole in connection with the Maple Street shooting and to one year of imprisonment in connection with the Prospect Street shooting.

The petitioner also had been arrested and charged in relation to a homicide that occurred in New Britain on August 18, 2014. The details of that homicide were recounted by this court in the petitioner's direct appeal from his conviction in that case. See *State* v. *Wilson*, 209 Conn. App. 779, 782–88, 267 A.3d 958 (2022). Pursuant to the events described therein, the petitioner was arrested on or about December 19, 2014, and charged with murder in violation of General Statutes § 53a-54a (a) and carrying a pistol without a permit in violation of General Statutes § 29-35 (a).

The petitioner pleaded not guilty to the charges of murder and carrying a pistol without a permit, and the case was tried to a jury. The jury returned a verdict of guilty on both charges on October 25, 2017. Id., 788. "On January 3, 2018, the court sentenced the defendant to a total effective term of fifty-five years of incarceration, twenty-six years of which were a mandatory minimum, to run consecutively to a sentence the defendant already was serving." Id.

On February 2, 2018, the petitioner filed a petition for a writ of habeas corpus challenging his conviction of murder and carrying a pistol without a permit. Weeks later, the petitioner filed a direct appeal with our Supreme Court from the judgment of conviction of murder and carrying a pistol without a permit. That appeal subsequently was transferred to this court on May 8, 2019. See id., 779.

On November 15, 2021, the petitioner filed an amended petition for a writ of habeas corpus, which is the operative petition in this appeal.[2] In that petition, the petitioner

---

[2] The petitioner filed his initial petition for a writ of habeas corpus in a self-represented capacity. The petitioner subsequently was appointed

alleged that his criminal trial counsel, Attorneys Walter C. Bansley IV and Donald F. Meehan, had rendered ineffective assistance regarding his plea of guilty to the Maple Street shooting. Specifically, the petitioner alleged that counsel were ineffective in "failing to ensure that [his plea] in the [Maple Street shooting] would not be admitted at the trial in the murder case"; "telling [him] that his guilty [plea] and [conviction] in [the Maple Street shooting] could not be used against him at the upcoming trial in the murder case"; and "advising [him] to plead guilty [to the Maple Street shooting] while the murder case was pending . . . ."[3] Additionally, the petitioner alleged that his counsel's pretrial representations to him "fell below the standard of reasonably competent counsel and/or [fell] below the range of competence expected of attorneys in this state with ordinary training and skill . . . ." The petitioner asserted that he was prejudiced by the allegedly ineffective assistance, specifically, in that he "would not have pleaded guilty to the charges concerning the Maple Street shooting . . . and would have insisted on going to trial . . . for the purpose of having the ability to testify as to the proper context of [that incident]." The petitioner therefore requested that the habeas court vacate the judgment in the Maple Street shooting case.

On January 11, 2022, this court issued its decision in the petitioner's direct appeal and reversed the judgment of conviction of murder and carrying a pistol without a permit due to an improper jury instruction. See *State* v. *Wilson*, supra, 209 Conn. App. 788–812. This court thus remanded the case for a new trial.[4] Id., 828.

counsel and filed the operative petition with the assistance of counsel. On May 22, 2024, the petitioner filed a motion to proceed in a self-represented capacity, which the court granted.

[3]The petitioner has challenged on appeal only the habeas court's determination that his habeas petition did not contest his conviction in the Maple Street shooting. The petitioner has not challenged the court's determinations regarding his conviction in the Prospect Street shooting.

[4]We take judicial notice of the fact that, on remand, the petitioner's murder and carrying a pistol without a permit case is filed under Docket No. CR-14-0276060-T and is currently on the trial list. See, e.g., *Papantoniou* v. *Commissioner of Correction*, 235 Conn. App. 674, 691 n.15, 346 A.3d 985 (2025), cert. granted, 354 Conn. 926, 353 A.3d 846 (2026).

On September 13, 2024, the respondent, the Commissioner of Correction, requested a trial management conference in the petitioner's habeas case in light of this court's reversal of the petitioner's conviction of murder and carrying a pistol without a permit and remand of that case for a new trial. The respondent argued that, "at this time, there is no conviction in place" for the petitioner to challenge in his habeas petition. On September 16, 2024, the petitioner filed a motion requesting the appointment of standby counsel, alleging that his previous habeas counsel had failed to provide him with his criminal case file.

On October 16, 2024, the habeas court held a hearing on those requests. In that hearing, counsel for the respondent argued that the court should dismiss the petitioner's operative habeas petition due to this court's reversal of his conviction of murder and carrying a pistol without a permit. Specifically, counsel for the respondent argued that "[t]here is nothing this court can give him. He does [not] have a conviction for this court to grant a petition on." In response, the petitioner argued that his amended petition challenged all three of his convictions, which included his guilty pleas in the Prospect Street and Maple Street shooting cases.

On the same day, by way of a written order, the habeas court dismissed the petitioner's amended habeas petition pursuant to Practice Book § 23-29.[5] Specifically, the habeas court determined that it lacked subject matter jurisdiction over the amended petition because it had been rendered moot as a result of this court's reversal of the petitioner's conviction of murder and carrying a pistol without a permit and remand of the case for a new trial. The habeas court stated that "[t]he petitioner's amended petition challenges his murder and [carrying a] pistol without a permit convictions on multiple

[5]Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that: (1) the court lacks jurisdiction . . . (4) the claims asserted in the petition are moot or premature . . . ."

ineffective assistance grounds. The petitioner challenges his Maple Street [shooting] and Prospect Street [shooting] convictions only insofar as he claims his counsel failed to ensure that his pleas in those cases would not be admitted at trial in his murder case. . . . As a result, there is no conviction currently in place for the petitioner to challenge before this court. His case is moot, and this court has lost jurisdiction. His petition is therefore dismissed." (Citation omitted.) On November 8, 2024, the petitioner filed a petition for certification to appeal, which the court denied. This appeal followed.[6]

On appeal, the petitioner claims that the habeas court abused its discretion by denying his petition for certification to appeal from the dismissal of his habeas petition. Substantively, the petitioner claims that his amended petition also challenged his conviction in the Maple Street shooting and that the habeas court therefore had erred in determining that his petition was rendered moot as a result of this court's reversal of his conviction of murder and carrying a pistol without a permit. We agree.

Our standard of review is well established. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994).

"A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [a] court could resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's

[6]The petitioner requested and subsequently was appointed counsel for the purpose of pursuing this appeal.

underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Internal quotation marks omitted.) *Dixon* v. *Commissioner of Correction*, 233 Conn. App. 851, 856, 342 A.3d 260, cert. denied, 353 Conn. 918, 345 A.3d 808 (2025). "In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . for determining the propriety of the habeas court's denial of the petition for certification." (Internal quotation marks omitted.) *Vega* v. *Commissioner of Correction*, 224 Conn. App. 652, 658, 312 A.3d 1142 (2024), aff'd, 354 Conn. 437, 354 A.3d 151 (2026).

Regarding the dismissal of a habeas petition, "[t]he judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that: (1) the court lacks jurisdiction . . . (4) the claims asserted in the petition are moot or premature . . . ." Practice Book § 23-29. "Whether a habeas court properly dismissed a petition for a writ of habeas corpus presents a question of law over which our review is plenary. . . . We therefore must decide whether the court's conclusions are legally and logically correct and supported by the facts in the record." (Citation omitted; internal quotation marks omitted.) *Khan* v. *Commissioner of Correction*, 234 Conn. App. 851, 859, 344 A.3d 1234 (2025).

"Under our well established jurisprudence, [m]ootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the [petitioner] in any way. . . . In other words, the ultimate question is whether the determination of the controversy will result in practical relief to the complainant. . . . Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve." (Internal quotation marks omitted.) *Richards*

v. *Commissioner of Correction*, 164 Conn. App. 862, 865, 138 A.3d 440 (2016).

To the extent that we must review the allegations in the amended petition to determine whether it is moot, "[i]t is well settled that a petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action . . . ." (Internal quotation marks omitted.) *Khan* v. *Commissioner of Correction*, supra, 234 Conn. App. 858. "[T]he interpretation of pleadings is always a question of law for the court . . . . Our review of the [habeas] court's interpretation of the pleadings therefore is plenary. . . . [T]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . [T]he [petition] must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the [petition] is insufficient to allow recovery." (Emphasis omitted; internal quotation marks omitted.) *Woods* v. *Commissioner of Correction*, 197 Conn. App. 597, 607, 232 A.3d 63 (2020), appeal dismissed, 341 Conn. 506, 267 A.3d 193 (2021).

In the present case, the petitioner argues that his amended habeas petition raised a claim of ineffective assistance of counsel with respect to his guilty plea and conviction in the Maple Street shooting and that this claim was separate and distinct from his claim of ineffective assistance of counsel challenging his now reversed conviction of murder and carrying a pistol without a permit. On the basis of our careful review of the record, the petitioner's amended petition contains allegations attacking his guilty plea, specifically stating that he would not have pleaded guilty but for the allegedly deficient performance of his criminal trial counsel and that he was prejudiced by their allegedly deficient

performance. The petitioner, likewise, requests relief from his conviction in the Maple Street shooting. The petitioner's allegations and requested relief certainly placed the respondent on notice that the petitioner would present facts and issues regarding his guilty plea in the Maple Street shooting at the subsequent trial. We are also mindful of our obligation to read petitions, like pleadings, broadly. We therefore conclude that the petitioner's amended habeas petition raised a separate and distinct claim challenging his conviction in the Maple Street shooting. Although the petitioner's murder conviction has been reversed, the remaining claim regarding the Maple Street shooting prevents us from concluding that the case before us is moot.[7] We therefore conclude that

[7]To the extent the respondent has raised an alternative ground for affirmance based on the petitioner's alleged failure to state a claim on which relief could be granted pursuant to Practice Book § 23-29 (2), we decline the respondent's invitation to decide this case on that ground.

It is axiomatic that a petitioner is limited to challenging whether a guilty plea has been knowingly and voluntarily entered and the "interrelationship between the ineffective assistance of counsel and the guilty plea [such] that it can be said that the plea was not voluntary and intelligent because of the ineffective assistance." (Internal quotation marks omitted.) *Finney* v. *Commissioner of Correction*, 207 Conn. App. 133, 143, 261 A.3d 778, cert. denied, 339 Conn. 915, 262 A.3d 134 (2021); see also *Ross* v. *Commissioner of Correction*, 217 Conn. App. 286, 322–29, 288 A.3d 1055 (affirming habeas court's dismissal of count in petition because it contained no allegations related to knowing and voluntary nature of petitioner's guilty plea), cert. denied, 346 Conn. 915, 290 A.3d 374 (2023). Moreover, "[t]he failure to inform a defendant as to all possible indirect and collateral consequences [of a guilty plea] does not render a plea unintelligent or involuntary in a constitutional sense." (Internal quotation marks omitted.) *Godfrey* v. *Commissioner of Correction*, 202 Conn. App. 684, 697 n.11, 246 A.3d 1032, cert. denied, 336 Conn. 931, 248 A.3d 2 (2021).

Although the respondent appears to argue that the petitioner has failed to allege facts to adequately challenge the integrity of his guilty plea, the record reveals that the respondent did not challenge the petition on this ground before the habeas court. The habeas court likewise did not make any determinations regarding the sufficiency of the petitioner's allegations in the proceedings before it. Furthermore, although subdivision (2) of Practice Book § 23-29 is included in the same section of the rules of practice that contains other bases for jurisdictional challenges, such as mootness, the failure to state a claim does not appear to challenge the habeas court's subject matter jurisdiction. See, e.g.,

the petitioner has established that he raised an issue that could be resolved in a different manner and was adequate to deserve encouragement to proceed further. The habeas court thus abused its discretion in denying the petitioner's petition for certification to appeal from the judgment dismissing his amended petition for a writ of habeas corpus.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

*Vazquez* v. *Commissioner of Correction*, 232 Conn. App. 244, 261, 335 A.3d 487, cert. denied, 352 Conn. 958, 336 A.3d 1249 (2025). For those reasons, we believe it imprudent to address the respondent's alternative ground for affirmance at this time. The respondent is free to renew that challenge on remand before the habeas court.